AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| FARREL LYNLEE MANN | Case Number: 4:20-CR-06040-SMJ-1 |
| | USM Number: 20117-509 |
| | Alex B. Hernandez |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252A(a)(5)(B), (b)(2) | Possession of Child Pornography | 06/03/2000 | 1 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/8/2021
Date of Imposition of Judgment

*/s/ Salvador Mendoza, Jr.*
Signature of Judge

The Honorable Salvador Mendoza, Jr.    Judge, U.S. District Court
Name and Title of Judge

10/13/2021
Date

AO 245B  (Rev. 09/19)  Judgment in a Criminal Case  
                Sheet 2 - Imprisonment

Judgment -- Page 2 of 8

DEFENDANT:      FARREL LYNLEE MANN  
Case Number:    4:20-CR-06040-SMJ-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    24 Months as to Count 1

Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court also recommends FCI Englewood, Colorado and participation in the Residential Drug Abuse Program (RDAP).

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____    ☐ a.m.    ☐ p.m.    on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____  
    ☐ as notified by the United States Marshal.  
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev.  09/19)  Judgment in a Criminal Case                                    Judgment -- Page 3 of 8
                 Sheet 3 – Supervised Release

DEFENDANT:   FARREL LYNLEE MANN
Case Number:   4:20-CR-06040-SMJ-1

## SUPERVISED RELEASE

Upon release from imprisonment, you shall be on supervised release for a term of:     10 Years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 09/19)  Judgment in a Criminal Case  
        Sheet 3A – Supervised Release

Judgment -- Page 4 of 8

DEFENDANT:     FARREL LYNLEE MANN  
Case Number:   4:20-CR-06040-SMJ-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:      FARREL LYNLEE MANN
Case Number:    4:20-CR-06040-SMJ-1

## SPECIAL CONDITIONS OF SUPERVISION

1. If you pose a risk to another person or an organization, the probation officer may seek permission from the court to require you to notify that person or organization about the risk. If the court approves, you must provide the notification. The probation officer may contact the person or organization to confirm that you have provided the proper notification.

2. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

3. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

4. You must not use any software program or device designed to hide, alter or delete records/logs of your computer usage, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography (the art and science of hiding a message in a medium, such as a digital picture or audio file, so as to defy detection), and cache/cookie removal software.

5. You must only use your true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer-related activities.

6. You must maintain a complete and current inventory of the computer equipment you use and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use and for which you have the authority to consent to installation of such software, if such computer has the capacity to access prohibited material. You shall not use a computer without computer monitoring software installed upon it unless approved of in advance by your probation officer.

7. You must not view or possess any visual depiction (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct (as defined in 18 U.S.C. § 2256).

8. You must provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and must not make any changes without the prior approval of the supervising officer.

9. You must not install new hardware or effect repairs on your computer system without advance permission from the supervising officer.

10. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation.

11. You may access on-line "computer," or Internet services, except that you must not access any on-line computer or Internet services, sites, or media that include or feature material that depicts "sexually explicit conduct" involving adults or "minor[s]," "child pornography," or "visual or auditory depictions" of "minor[s]" engaged in "sexually explicit conduct," all as defined in 18 U.S.C. § 2256.

12. You must allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. You must not possess or use any public or private data encryption technique or program. You must purchase and use such hardware and software systems that monitor your computer usage, if directed by the supervising officer.

13. You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

14. You must not reside or loiter within 500 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

15. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

16. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

17. You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

18. The defendant shall report to the Probation Office any and all electronic communications service accounts [as defined in 18 U.S.C. § 2510(15)] used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contain evidence of this violation.

19. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

20. You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay according to your ability and allow the reciprocal release of information between the evaluator and supervising officer.

21. You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

22. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

23. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

24. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

DEFENDANT:     FARREL LYNLEE MANN
Case Number:   4:20-CR-06040-SMJ-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $18,000.00 | $.00 | $.00 | $.00 |

☐ The special assessment imposed pursuant to 18 U.S.C. § 3013 is hereby remitted pursuant to 18 U.S.C. § 3573(1) because reasonable efforts to collect this assessment are not likely to be effective and in the interests of justice.

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah A. Bianco in Trust for Jack | $5,000.00 | $3,000.00 | in full |
| Deborah A. Bianco in Trust of Kuazie | $5,000.00 | $3,000.00 | in full |
| Marsh Law Firm PLLC in Trust for Erika | $3,000.00 | $3,000.00 | in full |
| Marsh Law Firm PLLC in Trust for Fiona | $3,000.00 | $3,000.00 | in full |
| Marsh Law Firm PLLC in Trust for Tori | $3,000.00 | $3,000.00 | in full |
| Sherri Jackson for Tara | $77,867.63 | $3,000.00 | in full |
| TOTALS | $96,867.63 | $18,000.00 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses commited on or after September 13, 1994, but before April 23, 1996.

☐ Restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*   Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/19)   Criminal Judgment  
Sheet 6 – Schedule of Payment

Judgment -- Page 8 of 8

DEFENDANT:      FARREL LYNLEE MANN  
Case Number:    4:20-CR-06040-SMJ-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due  
☐  not later than _____ , or  
☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the defendant's net household income, whichever is less, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

One Dell XPS Laptop SVC#: J5CYSC2, Compaq Evo N610c Laptop, Seagate 300GB Hard Disk Drive, Hitachi 80GB Hard Disk Drive, Seagate 250GB Hard Disk Drive, Seagate 1TB Hard Disk Drive, Maxtor 160GB HDD SN#: Y457LMSE, Four Hard Disk Drives (Hitachi/WD/Samsung), One Dell Latitude E6500 SVC# G3BQNH1 and One Generic Black Desktop with 4 Hard Disk Drives.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.